# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 21-cr-88 (ADM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Sam Horace Meeks, | |
| Defendant. | |

Amber M. Brennan and Harry Jacobs, Assistant United States Attorneys, 300 South Fourth Street, Suite 600, Minneapolis, MN (for the Government); and

Douglas Olson, Senior Litigator, and Keala C. Ede, Assistant Federal Defender, Office of the Federal Defender, 300 South Fourth Street, Suite 107, Minneapolis, MN (for Defendant).

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on

the following pretrial motions:

1. The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 19;

2. Defendant's Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 20;

3. Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 21;

4. Defendant's Motion for Discovery and Inspection, ECF No. 22;

5. Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 23;

6. Defendant's Motion for Government Agents to Retain Rough Notes, ECF No. 24;

1

7.  Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 25; and

8.  Defendant's Pretrial Motion to Disclose and Make Informant(s) Available for Interview, ECF No. 29.

A hearing was held on November 5, 2021.  ECF No. 32.  Amber M. Brennan appeared on behalf of the United States of America (the "Government").  Douglas Olson and Keala C. Ede appeared on behalf of Defendant.

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY ORDERED** as follows:

1.      The Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3 and 26.2, ECF No. 19, is **GRANTED**.  This motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2, as well as the establishment of deadlines for the disclosure of expert witnesses.  At the hearing, Defendant had no objection to the Government's discovery requests to the extent those requests were "consistent with the Federal Rules of Criminal Procedure."  Tr. 4:11-21, ECF No. 35.

The parties, *see infra* ¶ 7, seek the establishment of deadlines for the disclosure of any testimony the other intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).  While there were some additional timelines discussed in the Government's consolidated response and at the hearing, Gov't's Consol. Resp. at 8, ECF No. 30; Tr. 4:23-7:19, the Government ultimately reaffirmed its initial proposal that the parties make their principal expert disclosures no later than 30 days before trial and any rebuttal expert disclosures no later

than 10 days prior to trial.  ECF No. 19 at 2; Tr. 7:1-19.  At the hearing, Defendant had no objection to the Government's proposed timeline.  Tr. 5:11-21.

Consistent with the parties' agreement, no later than 30 days prior to trial, the parties shall make their principal expert disclosures, and, no later than 10 days prior to trial, the parties shall make any rebuttal expert disclosures.  *See* Fed. R. Crim. P. 16(a)(1)(G), (b)(1)(C).

2.      Defendant's Pretrial Motion for Disclosure of 404(b) Evidence, ECF No. 20, is **GRANTED IN PART** and **DENIED IN PART**.  In this motion, Defendant requested both "immediate[]" disclosure and disclosure "three weeks before trial" of "any 'bad act' or 'similar course of conduct'" evidence the Government intends to offer at trial pursuant to Federal Rule of Evidence 404(b).  ECF No. 20 at 1.  At the hearing, Defendant clarified that he is seeking disclosure three weeks before trial.  Tr. 7:23-8:14.

The Government objects to the extent Defendant seeks the disclosure of "intrinsic" evidence.  Gov't's Consol. Resp. at 3-4.  While the Government initially proposed disclosure two weeks before trial, the Government agreed to Defendant's proposal of three weeks at the hearing.  *Compare* Gov't's Consol. Resp. at 3 *with* Tr. 8:15-25.

Rule 404(b) requires the Government to provide reasonable written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing).  The

Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Therefore, consistent with the parties' agreement, no later than three weeks prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), "articulat[ing] the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). Defendant's motion is otherwise denied. If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C).

3.      Defendant's Motion to Compel Attorney for the Government to Disclose Evidence Favorable to the Defendant, ECF No. 21, and oral discovery request are **GRANTED IN PART** and **DENIED IN PART**. Defendant seeks disclosure of

evidence favorable to him under *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), and their progeny.   The Government acknowledges its obligations under these authorities, and states that it has complied and will continue to comply with those obligations.   The Government objects to Defendant's motion "to the extent it goes beyond the requirements of statute and case law."  Gov't's Consol. Resp. at 4.

At the hearing, Defendant noted that the Government had disclosed the day before that Officer Kyle Pond, who testified at the hearing, was disciplined in 2018 in connection with a search.   Tr. 9:11-18.   Defendant moved for "disclosure of the underlying reports."  Tr. 9:18.   The Government responded that the documents had been requested from the Minneapolis Police Department.  Tr. 10:6-12.   The Government had no objection to "providing follow-up information" once it had been received and the Government had an opportunity to review the documents.  Tr. 10:6-25.

"The Due Process Clause of the Fifth Amendment requires the government to disclose to the accused favorable evidence that is material to guilt or punishment." *United States v. Dones-Vargas*, 936 F.3d 720, 722 (8th Cir. 2019) (citing *Brady*, 373 U.S. at 87); *see United States v. Whitehill*, 532 F.3d 746, 753 (8th Cir. 2008) ("*Brady* applies to exculpatory and impeachment evidence, whether or not the accused has specifically requested the information.") (citations omitted).   "The [Supreme] Court has extended *Brady* protection to witness-credibility evidence when the reliability of the witness 'may well be determinative of guilt or innocence.'"  *United States v. Sigillito*, 759 F.3d 913, 930 (8th Cir. 2014) (quoting *Giglio*, 405 U.S. at 154); *accord Dones-Vargas*, 936 F.3d at

722; *see Whitehill*, 532 F.3d at 753. "One reason for this extension to witness-credibility evidence is because exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Sigillito*, 759 F.3d at 930 (quotation omitted). The Eighth Circuit Court of Appeals "ha[s] determined that witness motivations, like the payment of money as an incentive to change testimony, fall within the *Brady* disclosure requirement." *Id.* (citing *United States v. Librach*, 520 F.2d 550, 554 (8th Cir. 1975)). "Furthermore, the prosecutor must disclose the possibility of a reward that gives the witness a personal stake in the defendant's conviction." *Id.* (citing *United States v. Bagley*, 473 U.S. 667, 683 (1985)).

Defendant's motion and oral discovery request is granted in part to the extent that the Government shall comply fully with its obligations under *Brady*, *Giglio*, and their progeny and disclose all exculpatory and impeachment evidence as well as Jencks Act and Federal Rule of Criminal Procedure 26.2 materials. *See United States v. Mazzulla*, 952 F.3d 1091, 1100 (8th Cir. 2019). If the Government subsequently discovers additional exculpatory or impeachment evidence, it shall disclose such evidence as soon as practicable after such discovery. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court acknowledges the parties' agreement that such materials will be disclosed one week before trial. *See infra* ¶ 5.

To the extent Defendant seeks discovery and disclosures outside the Government's obligations under these authorities or seeks materials that have already been produced, his motion and oral discovery request are denied. *See United States v. Johnson*, 228 F.3d 920, 924 (8th Cir. 2000).

4.      Defendant's Motion for Discovery and Inspection, ECF No. 22, is **GRANTED IN PART** and **DENIED IN PART**.  Defendant generally seeks materials subject to disclosure under Rule 16(a)(1)(A) through (F) of the Federal Rules of Criminal Procedure as well as an order for continuing disclosure.  The Government states that it has complied with Rule 16 and "will continue to supplement is disclosures as additional materials come into its possession."  Gov't's Consol. Resp. at 4.

Defendant's motion is granted in part to the extent he seeks responsive information subject to disclosure under Rule 16(a)(1)(A) though (F) that remains in the Government's control and has not yet been produced.  Defendant's motion is further granted in part to the extent he seeks discovery and disclosures ordered produced elsewhere in this Order or that the Government is otherwise obligated to disclose by law.  Defendant's motion is denied in all other respects.  *See Johnson*, 228 F.3d at 924.

And, while the Court has no reason to doubt that the Government will honor its continuing disclosure obligations under Rule 16(c), any responsive information or material subject to disclosure that subsequently comes into the Government's possession, knowledge, or control shall be produced in a timely fashion.

5.      Defendant's Motion for Early Disclosure of Jencks Act Material, ECF No. 23, is **DENIED AS MOOT**.  Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least one week prior to trial.  Although the Government objects to any Court-ordered early disclosure, the Government noted on the record at the hearing its voluntary agreement to produce such materials one week prior to trial.  *Compare* Gov't's Consol. Resp. at 5-6 *with* Tr. 13:1-6.  At the hearing, Defendant

requested that the agreement for voluntary disclosure be noted and then stated that the

motion could be denied "as moot in light of that [agreement]."  Tr. 13:8-10.

By its terms,

> [t]he Jencks Act does not compel the government to produce
> a statement or report of a government witness until after the
> witness has testified on direct examination, after which the
> defendant may move for the production of any statements in
> the government's possession made by that witness relating to
> the subject matter of his testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b).

"Although in many cases the government freely discloses Jencks Act material to the

defense in advance of trial, the government may not be required to do so."  *Green*, 151

F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72

(8th Cir. 1996).   In light of the parties' agreement, Defendant's motion for early

disclosure of Jencks Act materials is denied as moot.  While the Court is not ordering the

Government to disclose Jencks Act materials early, this Order memorializes the parties'

agreement that such materials will be disclosed one week before trial.

6.      Defendant's Motion for Government Agents to Retain Rough Notes, ECF

No. 24, is **GRANTED**.  Defendant requests an order directing that all law enforcement

agents, including any confidential reliable informants, retain and preserve all rough notes

taken as part of their investigation.  The Government does not object to the retention of

rough notes, but opposes an order requiring disclosure of rough notes.  Gov't's Consol.

Resp. at 6-7.  Further, while acknowledging Defendant "is not asking for disclosure of

rough notes at this time," the Government requests that, "before ordering any disclosure

of such notes in response to a future request, the Court should – at a minimum – conduct an in camera review to determine whether, among other things, the notes relate to the substance of the agent's testimony on direct exam." Gov't's Consol. Resp. at 7.

Defendant's request for the retention and preservation of all rough notes is granted. To the extent it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter. To the extent the Government requests in camera review, the Government's request is denied without prejudice as premature.

7.    Defendant's Motion for Discovery of Expert Under Rule 16(a)(1)(G), ECF No. 25, is **GRANTED IN PART** and **DENIED IN PART**. *See supra* ¶ 1.

8.    Defendant's Pretrial Motion to Disclose and Make Informant(s) Available for Interview, ECF No. 29, and oral discovery request are **DENIED**.

Defendant moves for disclosure of the confidential reliable informant (hereinafter, the "CRI") and information regarding the CRI, asserting such disclosure is material to a determination of his case because the CRI "was the sole source of information the officers relied upon in seizing and arresting him." Def.'s Post-Hearing Mem. at 32, ECF No. 40. At the hearing, Defendant requested the audio recording memorializing the CRI's agreement with law enforcement. Tr. 51:7-12.

The Government opposes the motion and objects to any disclosure, countering that the CRI "is akin to a tipster." Gov't's Consol. Resp. at 14. According to the Government, Defendant "is charged based on the observations and findings of the police officers who conducted the traffic stop" and "observed him to be in possession of a

firearm."  Gov't's Consol. Resp. at 14; *see also* Gov't's Post-Hearing Resp. at 27 ("Based

on what officers observed during that investigatory stop, [Defendant] is charged with

possessing a firearm as a prohibited person."), ECF No. 41.  As such, the Government

reasons, the CRI "is not a necessary witness to the facts of this case, their testimony is not

material to the determination of the facts, and they will not be called as a witness at trial."

Gov't's Post-Hearing Resp. at 27; *see also* Gov't's Consol. Resp. at 15.  The Government

also objects to production of the audio recording.  Tr. 52:9-16.

"In *Roviaro v. United States*, the Supreme Court recognized the government's

privilege to withhold the identity of a confidential informant."  *United States v. Alcantar*,

271 F.3d 731, 739 (8th Cir. 2001) (citing 353 U.S. 53, 59 (1957)).  In determining

whether disclosure of an informant's identity is required, "the threshold issue is whether

the informant is a material witness." *Carpenter v. Lock*, 257 F.3d 775, 779 (8th Cir.

2001).

"Where the witness is an active participant or witness to the offense charged,

disclosure will almost always be material to the accused's defense." *Devose v. Norris*, 53

F.3d 201, 206 (8th Cir. 1995) (emphasis added) (footnote omitted).  "In cases involving

'tipsters' who merely convey information to the government but neither witness nor

participate in the offense, disclosure is generally not material to the outcome of the case

and is therefore not required." *United States v. Harrington*, 951 F.2d 876, 878 (8th Cir.

1991) (citing *United States v. Bourbon*, 819 F.2d 856, 860 (8th Cir. 1987)); *accord*

*United States v. Lapsley*, 334 F.3d 762, 764 (8th Cir. 2003) ("Consequently, disclosure is

typically not required when the informant merely conveys information to the government

but neither witnesses nor participates in the offense." (quotations omitted)); *Alcantar*, 271

F.3d at 739 (government had no obligation to reveal informant's identity where informant

did not participate in crime charged or testify at trial).

Defendant bears the burden of showing beyond mere speculation that the

disclosure of the CRI would be material and helpful to his case.  *United States v.*

*Roberson*, 439 F.3d 934, 940 (8th Cir. 2006); *Alcantar*, 271 F.3d at 739.  If a trial court

orders disclosure absent a showing of materiality, it abuses its discretion."  *United States*

*v. Bias*, No. 17-cr-318(06) (SRN/FLN), 2018 WL 3336770, at *2 (D. Minn. July 6,

2018).

As an initial matter, Defendant's motion was filed on October 20, 2021, almost

two weeks after the October 7, 2021 deadline.  ECF No.  14 at 2.  *See* Fed. R. Crim. P.

12(c)(3).  Defendant has not addressed the untimeliness of the filing or attempted to show

good cause as to why the motion was filed after the deadline.  *See* Fed. R. Crim. P.

12(c)(3); *see also* D. Minn. LR 12.1(e).

In any event, here, the CRI alerted law enforcement that the CRI had just seen an

individual in south Minneapolis "armed with a firearm."  Tr. 34:15-25, 36:25-37:5, 12-

14, 54:23-55:2, 18-19.  The CRI provided a description of the individual, subsequently

identified as Defendant, who was in the area of Fifth Avenue and Lake Street, driving a

gold Oldsmobile Alero with a particular Wisconsin license plate.  Tr. 35:9-25.  The CRI

was able to see Defendant in the vehicle at the time the CRI relayed the information to

Officer Jeffrey Werner.  Tr. 37:16-23; *see* Tr. 55:15-16; *see also* Tr. 55:21-56:9.  Law

enforcement then proceeded to the scene to investigate, which lead to the unlawful arrest

of Defendant and subsequent discovery of the firearm.  The record before the Court does not establish that the CRI was present at or witnessed the arrest of Defendant and the subsequent discovery of the firearm.

Defendant is charged with one count of being a felon in possession of a firearm on February 23, 2021, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1).  ECF No. 1 at 1-2.  This charge is based on the observations of law enforcement at the time the firearm was recovered, not on the CRI's tip.  Gov't's Consol. Resp. at 14; Gov't's Post-Hearing Resp. at 27.  The Government does not intend to call the CRI as a witness at trial.  Gov't's Post-Hearing Resp. at 27; Gov't's Consol. Resp. at 15.  What the CRI witnessed relates to the existence of reasonable suspicion for the purported investigatory stop, and does not constitute the factual basis for the crime charged.  Should the Court's recommendation regarding suppression of evidence obtained as a result of Defendant's unlawful arrest be adopted, *see* ECF No. 49, there may very well be a problem with the factual basis for the crime charged.  But, based on the record before the Court, there is no indication that the CRI participated in the offense charged, witnessed the unlawful arrest of Defendant and subsequent discovery of the firearm, or even observed the firearm in the vehicle.  Accordingly, the Court concludes that Defendant has not met his burden to override the Government's privilege of nondisclosure.  *See Alcantar*, 271 F.3d at 739; *see also Hollis*, 245 F.3d at 674; *Harrington*, 951 F.2d at 878.

9.      All prior consistent orders remain in full force and effect.

10.      Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or

the party such counsel represents to any and all appropriate remedies, sanctions and the like.


Date: February  24 , 2022                              _____*s/ Tony N. Leung*_____
                                                       Tony N. Leung
                                                       United States Magistrate Judge
                                                       District of Minnesota


                                                       *United States v. Meeks*
                                                       Case No. 21-cr-88 (ADM/TNL)